(No. 4442—)

Nova Casey, Claimant, vs. State of Illinois, Respondent.

*Opinion filed November 13, 1951.*

John W. Fribley, Attorney for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Delaney, J.

Nova Casey filed his complaint on June 1, 1951, wherein he alleges that on December 5, 1950, while

employed by the Department of Conservation as a carpenter at the Ramsey Lake Project at Ramsey, Illinois, he was injured while repairing the roof of a shelter.

The record consists of the complaint, Departmental Report, motion of claimant for an award under Section 19 (b) of the Workmen's Compensation Act, transcript of evidence, and reporter's bill.

At the time of the accident, claimant was 53 years of age, married, but had no children under 18 years of age dependent upon him.

He was first employed by the Department of Conservation on March 14, 1950. His rate of pay was $1.50 per hour; and, although he had worked for respondent for less than one year, employees engaged in similar work earned in excess of $1,560.00 per year. Claimant's compensation rate would, therefore, be the maximum of $15.00 per week. The injury having occurred subsequent to July 1, 1949, this must be increased 50%, making a compensation rate of $22.50.

Claimant was injured while on a scaffold supported at one end by a stepladder; he was handing bunches of shingles to a man on the roof. One bunch started to slide down the roof, and, when he stopped the bunch of shingles, the stepladder turned over, and he fell approximately six feet to the concrete floor below.

On the date of the hearing, claimant testified that he had only been able to work on several occasions, and that, at most, his work record would not amount to more than one full day of gainful employment. He further testified concerning his physical condition, and this was verified by Dr. E. P. Staff. Commissioner Henry S. Wise of this Court examined claimant, and found that he was having considerable trouble with his

left foot and ankle, and that he was unable to work on the date of the hearing.

Claimant has filed his motion herein for an order of this Court for payment of compensation up to the date of the hearing on August 30, 1951, and further asks that no final order be entered in said cause determining the extent of permanent disability until a further hearing is had, pursuant to the provisions of Section 19 (b) of the Illinois Workmen's Compensation Act.

Under Section 19 (b) of the Workmen's Compensation Act, claimant is entitled to be paid for 38 2/7 weeks at his compensation rate of $22.50 per week, or a total of $861.43. Since the respondent has not furnished medical services, claimant is also entitled to be reimbursed for the sum of $22.50 paid to Dr. E. P. Staff. The other bills will be offered at the final hearing.

An award is, therefore, entered in favor of claimant, Nova Casey, in the sum of $883.93, all of which has accrued, and is payable forthwith.

The evidence discloses that James Moliski was employed to take and transcribe the evidence at the hearing before Commissioner Henry S. Wise of this Court. For said services he made a charge of $54.10, which we find is fair, reasonable and customary.

An award is, therefore, entered in favor of James Moliski, court reporter, in the sum of $54.10.

All future payments being subject to the provisions of the Workmen's Compensation Act, jurisdiction is hereby reserved in this cause for the entry of such further order or orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".